CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* HUMMEL.

[Cite as *Cleveland Metro. Bar Assn. v. Hummel*, 2026-Ohio-944.]

(No. 2026-0216—Submitted February 24, 2026—Decided March 20, 2026.)

ON CERTIFICATION OF DEFAULT.

————————————

{¶ 1} On February 24, 2026, and pursuant to Gov.Bar R. V(14)(A), the Board of Professional Conduct filed with this court a certification of default, alleging that respondent, Karen Lynn Hummel, failed to file an answer to a formal complaint pending before the board. Respondent did not file a response.

{¶ 2} Upon consideration thereof and pursuant to Gov.Bar R. V(14)(B)(1), it is ordered and decreed that an interim default suspension is immediately entered against Karen Lynn Hummel, Attorney Registration No. 0088982, last known address in Chardon, Ohio, and that the suspension is effective as of the date of this entry.

{¶ 3} It is further ordered that respondent immediately cease and desist from the practice of law in any form and that she is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

{¶ 4} It is further ordered that effective immediately, respondent is forbidden to counsel, advise, or prepare legal instruments for others or in any manner perform legal services for others.

{¶ 5} It is further ordered that respondent is hereby divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

{¶ 6} It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent

shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(23)(C). If employed pursuant to Gov.Bar R. V(23), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(23)(A)(1) and from receiving, disbursing, or otherwise handling any client trust funds or property.

{¶ 7} It is further ordered that pursuant to Gov.Bar R. X(13), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(13), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(B) for each six months, or portion of six months, of the suspension.

{¶ 8} It is further ordered that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio, (2) respondent complies with this and all other orders issued by this court, (3) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, and (4) this court orders respondent reinstated.

{¶ 9} It is further ordered by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded by the Lawyers' Fund for Client Protection pursuant to Gov.Bar R. VIII(7)(F). It is further ordered by the court that if after the date of this order the Lawyers' Fund for Client Protection awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Lawyers' Fund for Client Protection within 90 days of the notice of that award.

{¶ 10} It is further ordered that on or before 30 days from the date of this order, respondent shall do the following:

{¶ 11} 1.  Notify all clients being represented in pending matters and any cocounsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of cocounsel, also notify the clients to seek legal services elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

{¶ 12} 2.  Regardless of any fees or expenses due, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or cocounsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

{¶ 13} 3.  Refund any part of any fees or expenses paid in advance that are unearned or not paid and account for any trust money or property in his possession or control;

{¶ 14} 4.  Notify opposing counsel or, in the absence of counsel, the adverse parties in pending litigation of respondent's disqualification to act as an attorney after the effective date of this order and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

{¶ 15} 5.  Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

{¶ 16} 6.  File with the clerk of this court and disciplinary counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of the notices required herein, and setting forth the address where respondent may receive communications; and

{¶ 17} 7.  Retain and maintain a record of the various steps taken by respondent pursuant to this order.

**{¶ 18}** It is further ordered that respondent shall keep the clerk, the Cleveland Metropolitan Bar Association, and disciplinary counsel advised of any change of address where respondent may receive communications.

**{¶ 19}** It is further ordered that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings. All case documents are subject to Sup.R. 44 through 47, which govern access to court records.

**{¶ 20}** It is further ordered that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Office of Attorney Services.

**{¶ 21}** It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(17)(E)(1) and that publication be made as provided for in Gov.Bar R. V(17)(E)(2).

KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ., concur.

————————————